Thomas W. RANSDELL et al., Plaintiffs,

v.

LOCAL LODGE 1904 IAMAW, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS and Eugene Glover, Defendants.

Civ. A. No. 72–C–55.

United States District Court, E. D. Wisconsin.

March 21, 1975.

204

Truman Q. McNulty, and Gary A. Marsack, Milwaukee, Wis., for plaintiffs.

Robert E. Gratz, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a suit by several members of the defendant union, financed by their employer, Northwest Airlines, seeking to restrain the union from disciplining them for crossing the picket lines of a sister union during a strike in 1970. On September 6, 1973, defendants' motion to dismiss was granted because counsel admitted that the employer, Northwest Airlines, was financing the lawsuit. The Court found this to be in violation of § 101(a)(4) of the Landrum-Griffin Act, 29 U.S.C. § 411(a)(4), which prohibits employer financed lawsuits by union members against their union.

Subsequently, on October 2, 1973, plaintiffs filed a motion for reconsideration of the Court's dismissal.

Both parties have filed briefs on this motion, and oral argument was had on September 6, 1974. For the reasons hereinafter indicated, the Court hereby grants plaintiffs' motion to reconsider.

Our prior decision was premised on the view that § 101(a)(4) of the Landrum-Griffin Act, 29 U.S.C. § 411 (a)(4), applied to all possible causes of action by union members against their union which are financed by the employer. The Court adopted Judge Tone's decision in Adamszewski v. Local Lodge 1487, I.A.M.A.W., No. 72–C–188 (N.D.Ill.1973). On appeal of that case [496 F.2d 777 (7th Cir. 1974)], the Seventh Circuit held that § 411(a)(4) does not necessarily preclude an action which

is not based on 29 U.S.C. § 412. While the Court believes the better view is that § 411(a)(4) bars all suits by union members against their union which are financed by the employer, International Union, U.A., A. & A.I.W. v. National Right to Work Legal Defense and Education Foundation, Inc., 376 F.Supp. 1060 (D.D.C.1974), we are bound to follow the Seventh Circuit's rule.

The decision in *Adamszewski*, supra, does leave undisturbed this Court's prior decision that § 411(a)(4) was a bar to "Count III" of plaintiffs' amended complaint which was premised on the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401–529.

■ The dismissal of "Count I" of plaintiffs' amended complaint which sought to enforce a System Board of Adjustment decision, was also proper. While *Adamszewski* ruled that a suit seeking relief pursuant to the Railway Labor Act, 45 U.S.C. §§ 151–188, was not necessarily precluded by § 411(a)(4) of 29 U.S.C., the *Adamszewski* Court went on to rule that the S.B.A. award could not give a cause of action to the union members. Supra, 496 F.2d at 785. The dismissal of Count I of the amended complaint was, therefore, proper. *Adamszewski*, supra; Buzzard v. Local Lodge 1040, I.A.M.A.W., 480 F.2d 35 (9th Cir. 1973); Verville v. I.A.M.A.W., No. 37650 (E.D.Mich.1974).

■ In "Count II" of their amended complaint, plaintiffs sought injunctive enforcement of the "no-reprisal" clause contained in a back to work agreement entered into between Northwest Airlines and I.A.M.A.W. on December 8, 1970.

In *Adamszewski*, the Court held that it was proper for the lower court to dismiss the suit seeking to enjoin the holding of disciplinary hearings because the union members had an adequate remedy at law—damages. The Court stated at 496 F.2d 786:

"* * * such potential harm is completely speculative at this time. None of the appellants has had to undergo disciplinary hearings in this matter. None has been fined, suspended or in any way sanctioned by the union. * * *"

In contrast to the factual setting of *Adamszewski*, here the plaintiffs have alleged that they have already been disciplined by the imposition of $300 fines, expulsion from the union for failure to pay the fines, and disqualification from holding union office for a period of five years. Additionally, plaintiffs have alleged that they will be subjected to further harassment and intimidation from their fellow workers who have been told by the defendants that plaintiffs acted illegally in crossing picket lines during the strike. The Court concludes that these facts are sufficiently different from those present in *Adamszewski*, and that plaintiffs may be able to show that they have no adequate remedy at law and are subject to irreparable injury if an injunction does not issue.

It is therefore ordered that plaintiffs' motion to reconsider is hereby denied as to Counts I and III of their amended complaint; the motion to reconsider is hereby granted as to Count II, and the prior order and judgment of dismissal is hereby vacated as to Count II.